UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

APRIL LANE,

    Plaintiff,

v.

CASE NO:

THE BOEING COMPANY, a Foreign
Profit Corporation,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff APRIL LANE ("Plaintiff"), through undersigned counsel, files this Complaint against Defendant THE BOEING COMPANY, a Foreign Profit Corporation, and states as follows:

## NATURE OF THE ACTION

1. This is an action brought under §448.102(3), Florida Statutes.

2. This is an action brought under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes.

3. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees. Accordingly, Plaintiff has entered "$30,001.00" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only. The actual value

of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.[1]

## THE PARTIES

4. Venue is proper as the acts and omissions giving rise to Plaintiff's claims occurred in Duval County, Florida.

5. At all times pertinent hereto, Plaintiff, APRIL LANE, has been a resident of the State of Florida and was employed by Defendant, as an Aircraft Mechanic/Technician from approximately January 2019 to September 17, 2021.

6. Plaintiff is a member of a protected class because of her sex/gender, being female.

7. At all times material to this action, THE BOEING COMPANY, a Foreign Profit Corporation engages in the manufacturing commercial and military aircraft, satellites, weapons, electronic and defense systems at 6222 New World Avenue, Jacksonville, Florida 32221.

## CONDITIONS PRECEDENT

8. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on June 4, 2020.

9. On June 25, 2021, the Equal Employment Opportunity Commission issued to Plaintiff a Notice of Right to Sue.

10. Plaintiff has satisfied all conditions precedent to bringing this action by complying with all administrative remedies with the Equal Employment Opportunity Commission.

## STATEMENT OF FACTS

11. Plaintiff was hired by Defendant in or about January 2019 to the position of

---

[1] Plaintiff intends to amend this Complaint in the future to assert punitive damages once discovery is completed as per Fla. Stat. 768.72 and potentially, for compensatory damages where such damages are applicable.

Aircraft Mechanic/Technician.

12. Plaintiff worked at Defendant's facilities located at 6222 New World Avenue, Jacksonville, Florida 32221.

13. Plaintiff worked alongside Jon Fleming (position)

14. Throughout 2019 and 2020, Plaintiff co-worker, Jon Fleming ("Mr. Fleming"), frequently and repeatedly made inappropriate sexual comments towards Plaintiff in the work place.

15. For example, Mr. Fleming commented to me that women with small ears have small vaginas and wanted to see if it were true.

16. Further, Mr. Fleming regularly suggested that Plaintiff take her long sleeve flannel shirt off, that was tied around her waist, so he could see more of Plaintiff's butt.

17. Mr. Fleming then suggested if he was ever promoted to management he would require Plaintiff to uncover her butt so he could see it.

18. Mr. Fleming also made several comments related to Plaintiff's physical appearance such as having "big nice/strong looking legs" and "large breasts". Indeed, Mr. Fleming once referred to Plaintiff's breasts as "mega jugs".

19. Even more appalling, Mr. Fleming once inquired how far Plaintiff worked from the company and whether it was "close enough to have a quick affair during lunch".

20. On several occasions, Mr. Fleming inappropriately touched Plaintiff by reaching out and tucking Plaintiff's hair behind her ear or by spanking/grabbing Plaintiff butt.

21. Finally, while Plaintiff and Mr. Fleming were driving together back to Defendant's hangar, Mr. Fleming reached over and slid his hand between Plaintiff's thighs and rested his hand on the upper left thing rubbing very close to Plaintiff's genitals.

22. As a result, Plaintiff reported Mr. Fleming's behavior to her supervisor, Brian Stuart ("Mr. Stuart").

23. Mr. Stuart directed Plaintiff to Michael Dottaviano, Head Manager, who in turn directed Plaintiff to report the incident to Human Resources Representative, Heather Cunningham ("Ms. Cunningham").

24. Indeed, Plaintiff conveyed all of Mr. Flemings conduct to Ms. Cunningham.

25. Ms. Cunningham advised an investigator would be assigned to investigate the matter and to expect a phone call.

26. Investigator Brad Bartel ("Mr. Bartel") contacted Plaintiff and was told of Mr. Fleming's inappropriate sexually harassing conduct.

27. On September 17, 2020, Mr. Stuart called Plaintiff into a conference room where he presented Plaintiff with a "Corrective Action" memo accusing Plaintiff of inappropriate comments and physical contact deemed sexual in nature.

28. Plaintiff confronted Mr. Stuart about the allegations seeking specifics and details but Mr. Stuart had no further information to provide beyond the general allegations of inappropriate comments and physical contact.

29. Plaintiff's employment was terminated during the meeting with Mr. Stuart.

30. In the hours following Plaintiff's termination, Plaintiff emailed Mr. Cunningham to seek further information about her termination. Unfortunately, Ms. Cunningham had no explanation for Plaintiff's termination.

31. Plaintiff was terminated in retaliation for reporting Mr. Fleming's sexual harassing conduct.

32. Plaintiff was terminated due to her sex/gender (female).

33. Defendant's conduct is in violation of the Florida Civil Rights Act.

## COUNT I
## SEX/GENDER DISCRIMINATION–Chapter 760

34. Paragraphs 1 through 33 are re-alleged and incorporated herein by reference.

35. This is an action against Defendant for discrimination based upon sex/gender brought under Chapter 760, Florida Statutes.

36. Defendant is an employer as that term is used under the applicable statutes referenced above.

37. Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated employees of Defendant who are males and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's sex/gender(female).

38. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

39. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

40. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

41. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a sex/gender-based nature and in violation of the laws set forth herein.

42. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant and created the unlawful hostile working environment alleged above. The events set forth herein led, at least in part, to Plaintiff's termination.

43. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon sex/gender in violation of Chapter 760, Florida Statutes.

44. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, economic damages, punitive damages, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief.

**COUNT II**
**RETALIATION – Chapter 760**

45. Paragraphs 1 through 33 are realleged and incorporated herein by reference.

46. Defendant is an employer as that term is used under the applicable statutes referenced above.

47. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting Plaintiff under Chapter 760, Florida Statutes, and other statutory provisions cited herein.

48. The foregoing unlawful actions by Defendant were purposeful.

49. Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendant, specifically to the HR department and members of management, and was the victim of retaliation thereafter, as described above.

50. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

51. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to punitive damages and to injunctive relief.

## COUNT III
## HOSTILE WORK ENVIRONMENT

52. Paragraphs 1 through 33 are re-alleged and incorporated herein by reference.

53. Plaintiff is member of protected class due to her sex/gender.

54. Based on the described conduct above, Plaintiff was subjected to a hostile work environment based on her sex/gender.

55. The above described conduct was not welcomed by Plaintiff and was motivated by Plaintiff's sex/gender.

56. The conduct was so severe and/or pervasive that a reasonable person would find the environment to be hostile and unwelcoming.

57. Plaintiff's wages and benefits were impacted and Plaintiff's standing amongst her co-workers was adversely affected due to the pervasive and/or severe conduct by Defendant and its agents as detailed above in this Complaint.

58. Defendant knew or should have known of the hostile work environment.

59. The above hostile workplace environment was done by Defendant with a reckless disregard for Plaintiff's rights under state law. As a direct and proximate result of the environment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiff; enter judgment against Defendants and for Plaintiff awarding all legally- available general, punitive damages, liquidated damages, threefold damages and compensatory damages and economic loss to Plaintiff from Defendants for Defendants' violations of law enumerated herein;

(c) enter judgment against Defendants and for Plaintiff permanently enjoining Defendants from future violations of law enumerated herein;

(d) enter judgment against Defendants and for Plaintiff awarding Plaintiff attorney's fees and costs;

(e) award Plaintiff interest where appropriate; and

(f) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Dated this __15__ day of September, 2021.

Respectfully submitted,

_____
Matthew R. Gunter, Esq.
Florida Bar No.: 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Direct Tel.: (407) 236-0946
Facsimile: (407) 867-4791
Email: MGunter@forthepeople.com
        CEffron@forthepeople.com
        RSaragih@forthepeople.com
*ATTORNEY FOR PLAINTIFF*